UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



ANTHONY LEWIS,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case: 1:14-mc-01176
Assigned To : Unassigned
Assign. Date : 10/23/2014
Description: Miscellaneous

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be denied, and the complaint will be dismissed.

Pursuant to the Prison Litigation Reform Act ("PLRA"), unless a prisoner "is under imminent danger of serious physical injury," he may not proceed *in forma pauperis* ("IFP") if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). This provision "neither divests a prisoner of his right to bring a claim nor changes the law in a way that adversely affects his prospects for success on the merits of the claim." *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000). A prisoner who is "not allowed to proceed [IFP] may pursue [his] substantive claims just as anyone else by paying the filing fee." *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

The plaintiff has accumulated at least three strikes. *Lewis v. United States*, No. 8:08-cv-972 (M.D. Fla. Aug. 30, 2006) (imposing "three strikes" bar under § 1915(g)); *see Lewis v. United States*, No. 5:09-cv-55 (M.D. Fla. Feb. 26, 2009) (denying IFP under § 1915(g)), *appeal*

1

*dismissed*, No. 09-13141-E (11th Cir. June 22, 2009); *Lewis v. United States*, No. 8:07-cv-1226 (M.D. Fla. July 26, 2007) (denying IFP under § 1915(g)); *Lewis v. Judges USDC*, No. 8:03-cv-2514 (M.D. Fla. Dec. 3, 2003) (dismissed as frivolous), *appeal dismissed as frivolous*, No. 04-10066-J (11th Cir. July 21, 2004). Thus, the plaintiff cannot "proceed[] IFP unless he falls within the imminent danger exception." *Pinson v. Samuels*, 761 F.3d 1, 4 (D.C. Cir. 2014).

The Court "asses[es] the alleged danger at the time [the plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009), construes the complaint liberally and accepts its factual allegations as true, *id.* (citing *Ibrahim*, 463 F.3d at 6). Here, the complaint generally alleges constitutional violations with respect to intercepted telephone communications obtained unlawfully and used as evidence against plaintiff at his criminal trial. It contains no allegations that the plaintiff is in any danger of physical injury, serious or otherwise. Therefore, the imminent danger exception does not apply to him.

Accordingly, it is hereby

ORDERED that, pursuant to 28 U.S.C. § 1915(g), the plaintiff's application to proceed *in forma pauperis* is DENIED; it is further

ORDERED that the plaintiff's motion for preliminary injunctive relief is DENIED; and it is further

ORDERED that the complaint and this civil action are DISMISSED WITHOUT PREJUDICE to refiling upon payment in full of the filing fee.

SO ORDERED.

DATE: 10/20/2014

/s/ United States District Judge

2